A. L. GUMP, FORMERLY EXECUTOR OF THE LAST WILL AND TESTAMENT OF BENJAMIN H. LICHTENSTEIN, DECEASED, MABEL GUMP, FRANCES DAVIS (FORMERLY FRANCES LICHTENSTEIN) AND MILTON LATHAM, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 34532. Promulgated March 18, 1931.

*F. E. Youngman, Esq.*, for the petitioners.
*Frank T. Horner, Esq.*, for the respondent.

OPINION.

SEAWELL: A report in this proceeding was promulgated on December 10, 1930 (21 B. T. A. 606), and a decision thereunder was duly entered on December 13, 1930. On January 24, 1931, the Board, on its own motion, ordered that the aforementioned decision be vacated and set aside and that the report in this proceeding as promulgated be given further consideration.

One contention advanced by the petitioner and sustained in our previous report is that the Board should find an overpayment of tax in the amount of $6,658.48 on account of the payment of that amount when the collection thereof was barred. As shown in our findings, an additional assessment was timely made in August, 1922, in the amount of $21,748.79, and on September 23, 1922, a claim in abatement was filed for the full amount. No further action was taken to extend the time for collection, but on January 7, 1926, when the original statutory period for collection had expired, the Commissioner advised the petitioner that the claim in abatement would be prepared for allowance in the sum of $16,286.18 and was rejected as to $5,462.61. Shortly after the receipt of the foregoing communica-

784

tion, or on February 12, 1926, the petitioner paid the rejected portion of the abatement claim, together with interest in the amount of $1,195.87, or $6,658.48. Section 611 of the Revenue Act of 1928 provides as follows:

If any internal-revenue tax (or any interest, penalty, additional amount, or addition to such tax) was, within the period of limitation properly applicable thereto, assessed prior to June 2, 1924, and if a claim in abatement was filed, with or without bond, and if the collection of any part thereof was stayed, then the payment of such part (made before or within one year after the enactment of this Act) shall not be considered as an overpayment under the provisions of section 607, relating to payments made after the expiration of the period of limitation on assessment and collection.

In view of the recent decision by the Supreme Court in *Graham* v. *Goodcell*, 282 U. S. 409, and in other cases disposed of in the same opinion, we are of the opinion that the foregoing section makes necessary the conclusion that the payment made by the petitioner on February 12, 1926, is not an overpayment within the meaning of section 607 and is not refundable. See also *F. A. Gillespie*, 20 B. T. A. 1068. Our determination on this point as formerly promulgated (21 B. T. A. 606) is accordingly overruled. In all other respects, however, the previous determination is affirmed.

Reviewed by the Board.

*Judgment of no deficiency will be entered.*